UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRIENDS AND HEALTH WELLNESS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-3007-B |
| Right On BRAND, INC., and JERRY GRISAFFI, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Friends and Health Wellness, LLC ("Friends")'s Motion to Remand (Doc. 6) and Defendant Right On Brand, Inc. ("Right On")'s Motion to Dismiss (Doc. 4). For the following reasons, Friends's Motion to Remand is **GRANTED** and Right On's Motion to Dismiss is **DENIED AS MOOT**. This case is **REMANDED** to the 191st District Court of Dallas County.

### I.

### BACKGROUND

This is a contract dispute. Right On licensed intellectual property and design rights to Friends to operate a wellness store that sold Right On's products. Doc. 1-5, Pet., § I, ¶¶ 3, 7.[1] Right On oversaw the development and opening of the store. *Id.* § I, ¶ 9. Soon after the store opened, Right On's CEO, Defendant Jerry Grisaffi, did not let Friends enter the store because he believed

---

[1] Friends repeats paragraph numbers in its Petition. To avoid confusion, the Court cites the section and paragraph number when citing Friends's Petition.

Friends violated the parties' agreement. *Id.* § I, ¶¶ 14–15.

Friends sued Right On and Grisaffi in state court, bringing claims for declaratory judgment under Texas law, violation of the Texas Deceptive Trade Practices Act ("DTPA"), fraud by nondisclosure, breach of contract, and tortious interference. *Id.* § II, ¶¶ 21–59. Right On removed the case to federal court, asserting that the Court has federal question jurisdiction. Doc. 1, Notice Removal, 4. Right On then filed a Motion to Dismiss. Doc. 4. Friends moves to remand the case, arguing the Court lacks subject-matter jurisdiction. Doc. 6.

Specifically, Friends argues that this case does not fall within the Court's federal question jurisdiction because it brings each of its claims under Texas law. Doc. 6, Mot. Remand, 2. The Texas Business Opportunities Act ("TBOA") requires business opportunities to file certain disclosures or file for an exemption. *Id.* at 3. One exemption allows a business to comply with the FTC Franchise Rule and file a notice with the secretary of state instead of making disclosures. *Id.* Friends argues that because Right On did not make required disclosures or register for an exemption, it violated the DTPA. *See* Doc. 1-5, Pet., § II, ¶¶ 34–37 (noting violating the TBOA *per se* violates the DTPA). The Court considers Right On's Motion to Dismiss and Friends's Motion to Remand below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (citation omitted).

## III.

## ANALYSIS

The Court **GRANTS** Friends's Motion to Remand because the case lacks a federal issue that is both necessarily raised and substantial to the federal system as a whole. The Court further **DENIES AS MOOT** Right On's Motion to Dismiss.

Removing a case from state court to federal court requires a basis for subject-matter jurisdiction at the time of removal. *See Tobacco & Wine, Inc. v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791–92 (N.D. Tex. 2020) (Lindsay, J.) (citing 28 U.S.C. § 1441(a)). Right On removed this case under 28 U.S.C. § 1331, which provides federal district courts with "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." Doc. 1, Notice Removal, 1. Whether a court has federal question jurisdiction is determined based on "the allegations in the plaintiff's well-pleaded complaint at the time of removal." *Tobacco & Wine*, 456 F. Supp. 3d at 791–92 (citations omitted).

The fact that a state law claim "may turn on a question of federal law" is not enough to sustain federal question jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001). Instead, for a state claim to create federal question jurisdiction, it must contain a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). This category of cases is "special and small." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Here, federal question jurisdiction does not exist because Friends's claims do not necessarily raise a substantial federal issue. Specifically, a federal issue is not necessary to its fraud claim, and none of its claims raise a substantial federal issue.

A.      *Friends's Fraud Claim Does Not Necessarily Raise a Federal Issue.*

The Court lacks jurisdiction over Friends's fraud claim because it does not necessarily raise a federal issue. A federal issue is necessarily raised when it is "necessary to the overall success of [a] claim." *Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 526 (S.D. Tex. 2012) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)). For example, if a federal law is "the exclusive basis for holding [a defendant] liable for some of [its] actions," then it is necessarily raised. *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 722 (5th Cir. 2017). But if "a claim can be supported by alternative and independent theories of recovery," on state and federal law, a federal issue is not necessarily raised. *Goffney*, 897 F. Supp. 2d at 526.

A federal issue is not necessary to resolve Friends's fraud claim. Friends alleges Right On committed fraud by nondisclosure because it failed to provide pre-sale disclosures required under Texas and federal law. Doc. 1-5, Pet., § II, ¶ 42. But Friends could succeed on its claim solely by showing that Right On failed to make disclosures required by the TBOA. *See id.* § II, ¶¶ 34, 42. Accordingly, a federal issue is not necessarily raised in Friends's fraud by nondisclosure claim. *See Goffney*, 897 F. Supp. 2d at 526.

Right On argues that Friends's fraud claim necessarily raises a federal issue because it alleges Right On failed to comply with the FTC Franchise Rule. Doc. 8, Def.'s Br., 5–6. Doc. 9, Def.'s Resp., 4–5. But Right On concedes that the FTC Franchise Rule does not provide a cause of action. Doc. 8, Def.'s Br., 10. Right On contends that Friends's claims nevertheless necessarily raise a federal issue because a court must determine "whether Friends can privately enforce the FTC Franchise Rule through state law claims." *Id.* at 3; *see also* Doc. 9, Def.'s Resp., 5. But a court could determine that Right On did not make required disclosures under the TBOA by interpreting the TBOA's

terms. It could thus determine whether Right On committed fraud by nondisclosure without determining whether Friends can enforce the FTC Franchise Rule via state laws. "While [Friends] refers to [the FTC Franchise Rule] in [its] petition and bases some of [its] allegations [on the Rule], [Friends] also refers to violations of Texas law," and seeks relief "by asserting a state law cause of action." *Henry v. Bank of Am., N.A.*, No. 4:12-CV-786-A, 2012 WL 6730718, at *5 (N.D. Tex. Dec. 28, 2012) (McBryde, J.). Accordingly, a federal issue is not necessarily raised.

B.  *Friends Does Not Raise a Substantial Federal Issue.*

The Court lacks jurisdiction over each of Friends's claims because its declaratory judgment, fraud, and DTPA claims do not raise a substantial federal issue. "The presence of a federal issue does not operate 'as a password opening federal courts to any state action embracing a point of federal law.'" *Fischer v. Fischer*, No. 3:20-CV-2173-K, 2021 WL 1720213, at *4 (N.D. Tex. Apr. 30, 2021) (Kinkeade, J.) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Instead, there must be "something more, demonstrating that the question is significant to the federal system as a whole." *Gunn*, 568 U.S. at 264. A federal issue can satisfy this test when

> state adjudication would undermine the development of a uniform body of federal law because the case presents a nearly pure issue of law that would have applications to other federal cases; or because resolution of the issue has broad significance for the federal government. The absence of any federal cause of action is worth some consideration in the assessment of substantiality.

*Tenn. Gas Pipeline*, 850 F.3d at 724 (quotations and alterations omitted). A dispute is more likely substantial if "it concerns whether federal law creates . . . duties" that a party is alleged to have breached. *Id.* For example, in *Tennessee Gas Pipeline*, the Fifth Circuit affirmed that a case was substantial to federal law "because the relevant federal statutes plainly regulate issues of national concern[,] . . . the case affects an entire industry rather than a few parties," and the dispute

"concern[ed] whether federal law created . . . duties." *Id.*; Doc. 8, Def.'s Br., 5.

Here, none of Friends's claims raise substantial federal issues. With respect to every claim, the FTC Franchise Rule does not provide a federal cause of action, which weighs against reference to the Rule creating a substantial federal issue. *See Tenn. Gas Pipeline*, 850 F.3d at 724; Doc. 1-5, Pet., § II, ¶ 33; Doc. 8, Def.'s Br., 10.

First, Friends's declaratory judgment claim does not confer jurisdiction on this Court. Friends only requests a declaration that it entered a franchise agreement under a federal regulation's definition. Doc. 1-5, Pet., § II, ¶ 29. Such a declaration based on the parties' agreement would not "have applications to other federal cases" or otherwise have "broad significance for the federal government." *See Tenn. Gas Pipeline*, 850 F.3d at 724. Instead, Friends wants a court to look at the text of the parties' specific agreement and decide whether the parties in this case formed a franchisee-franchisor relationship. It has failed to explain how this dispute has broad significance for the federal system. "This case is a perfect example of one that is 'fact-bound and situation specific' which is insufficient to confer federal jurisdiction." *Fischer*, 2021 WL 1720213, at *6 (quoting *Empire Healthchoice*, 547 U.S. at 700–01).

Second, Friends's DTPA and fraud by nondisclosure claims do not contain substantial federal issues. The TBOA requires business opportunities to file certain disclosures or file for an exemption. Doc. 1-5, Pet., § II, ¶ 34. Failing to make such disclosures violates the DTPA. *Id.* Friends alleges that Right On violated the DTPA and committed fraud by nondisclosure for breaching the TBOA by failing to register as a business opportunity or for an exemption, Doc. 1-5, Pet., § II, ¶¶ 34–35, and by failing to provide "required pre-sale disclosures pursuant to Texas and Federal law." *Id.* § II, ¶ 42. Even if a court considering these claims would need to decide whether Right On failed

to file as a franchise, this would only have significance to Texas law. Friends's DTPA and fraud by nondisclosure claims are based on a violation of the TBOA—not federal law. A state court's analysis on whether Right On followed proper registration and disclosure procedures under the TBOA— even if what Right On was required to disclose depends on whether Right On was an FTC Franchise—would have little reach beyond Texas borders. Therefore, these claims do not raise a federal issue that is significant to the federal system as a whole. *See Gunn*, 568 U.S. at 264.

Right On makes several arguments on substantiality, but all fail. Right On argues that Friends's declaratory judgment, DTPA, and fraud by nondisclosure claims raise substantial federal issues because Friends claims Right On "breached duties created by federal law" and the court must determine "'whether federal law actually created those duties thereby implicating a federal regulatory scheme.'" Doc. 8, Def.'s Br., 5 (quoting *Fischer*, 2021 WL 1720213, at *5). But Friends's declaratory judgment claim does not require a court to decide whether Right On breached a federal duty, because Friends only asks the Court to rule that the parties entered a franchisee-franchisor relationship. Doc. 1-5, Pet., § II, ¶ 29. And the only duties at issue in Friends's DTPA and fraud claims are registration and disclosure duties created under the TBOA, a state law. *See id.* § II, ¶¶ 34– 37, 42; *see also* Doc. 6, Mot. Remand, 3. Right On "fails to demonstrate that federal law provides the basis for any duty under which [Right On] would be liable for [Friends's] state claims." *Fischer*, 2021 WL 1720213, at *5. Instead, Right On points directly to Fifth Circuit precedent that precludes such liability. *See* Doc. 8, Def.'s Br., 6–7 ("'No provision of Texas or federal law declares violations of the Franchise Rule are actionable deceptive trade practices under the Texas DTPA.'" (quoting *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 176 (5th Cir. 2016) (alteration omitted)). It is irrelevant to Friends's state DTPA and fraud claims whether the FTC Franchise Rule creates a duty

that was breached, because there is no cause of action under the Rule.

Right On analogizes this case to *Tennessee Gas Pipeline*. *See* 850 F.3d at 724; Doc. 8, Def.'s Br., 5. But there, the federal interest was substantial because the case "affect[ed] an entire industry," and a state law could restrain "an extensive federal permitting scheme" if the plaintiff's claims were valid. 850 F.3d at 724. Here, Friends alleges breaches of Texas law and requests a declaratory judgment. The court might interpret the federal definition of a franchise and apply it to the parties, but Right On fails to explain how this will "affect an entire industry." *Cf. Tenn. Gas Pipeline*, 850 F.3d at 724.

Moreover, Right On argues Friends seeks to enforce the FTC Franchise Rule "privately through state law . . . claims that . . . have not been used for such a purpose," Doc. 8, Def.'s Br., 6, and Friends attempts to create a state-law vehicle "to pursue violations of a federal regulatory scheme" that lacks a private cause of action. Doc. 8, Def.'s Br., 10; Doc. 9, Def.'s Resp., 7–8. These arguments fail. Friends pursues claims for violations of a Texas law that exempts federally recognized franchises from Texas's disclosure requirements. These claims do not implicate an entire federal regulatory scheme. And Right On cites *Yumilicious Franchise, L.L.C. v. Barrie*, but that case is inapposite. 819 F.3d 170; Doc. 8, Def.'s Br., 6–7. In *Yumilicious*, the court dismissed a counterclaim that asserted plaintiff violated the FTC Franchise Rule by making incomplete disclosures because, it held, neither "Texas [n]or federal law declares violations of the Franchise Rule are actionable . . . under the Texas DTPA." 819 F.3d at 176. Friends—at least in part—seeks to enforce disclosure rules under Texas law, not federal law.

Right On further asserts there is a substantial federal interest here because the FTC recently released statements evincing "an increased focus and importance on federal regulation of franchisor-

franchisee relationships." Doc. 8, Def.'s Br., 8. This does not mean that every case involving a franchisee-franchisor relationship is one of national concern.

Right On also claims that the outcome of this case could affect business owners who have accidentally entered a franchise. It argues that the case will especially impact parties who accidentally enter a franchise in states without franchise laws. *Id.* But the outcome of this case would implicate claims related to the DTPA, Texas common law fraud, and the TBOA. Although a Texas court considering these claims might look to this case when considering how the FTC Franchise Rule affects *Texas* claims, the reach of this case would likely end there.

In sum, the Court lacks subject-matter jurisdiction because there is no issue that is both necessarily raised and "significant to the federal system as a whole." *Gunn*, 568 U.S. at 264.

### IV.

### CONCLUSION

For the foregoing reasons, Friends's Motion to Remand (Doc. 6) is **GRANTED**. This case is **REMANDED** to the 191st District Court of Dallas County. Accordingly, Right On's Motion to Dismiss (Doc. 4) is **DENIED AS MOOT**.

SO ORDERED.

SIGNED: April 7, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE